# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Respondent Below, Respondent**

**vs.)   No. 20-0891** (Morgan County 07-F-68 and 07-F-69)

**Jason Michael Payne,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jason Michael Payne, by counsel Jacob W. Mills, appeals the September 30, 2020, order of the Circuit Court of Morgan County denying his motion for correction of sentence. The State of West Virginia, by counsel Patrick Morrisey and Andrea Nease Proper, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 4, 2007, two separate indictments were returned against petitioner in the Circuit Court of Morgan County. In Case No. 07-F-68, the indictment charged petitioner with two counts of breaking and entering, one count of grand larceny, and one count of misdemeanor destruction of property.[1]  In Case No. 07-F-69, the indictment charged petitioner with one count of murder and one count of conspiracy to commit murder.

---

[1]Petitioner was originally indicted on these same charges in Case No. 07-F-34, which was voluntarily dismissed by the State without prejudice. *State v. Payne*, No. 11-1042, 2012 WL 3104259, at *2 n.3 (W. Va. June 22, 2012) (memorandum decision).

1

At the time of the indictments in No. 07-F-68 and No. 07-F-69, petitioner was incarcerated in Maryland based upon a conviction for the possession of cocaine with an intent to distribute. Accordingly, the State lodged a detainer against petitioner pursuant to the Interstate Agreement on Detainers Act ("IADA"), West Virginia Code §§ 62-14-1 to -7. In November of 2007, petitioner, pursuant to the IADA, made a request to be transferred to West Virginia. Petitioner was returned to this State on January 4, 2008.

In April of 2008, a jury convicted petitioner of all counts of the indictment in No. 07-F-68. Petitioner went to trial on the indictment in No. 07-F-69 in May of 2008. The jury in No. 07-F-69 acquitted petitioner of conspiracy to commit murder but found him guilty of second-degree murder. Before his convictions in No. 07-F-68 and No. 07-F-69, petitioner had been convicted of felony offenses in Morgan County in 2000 and 2001. Accordingly, the State filed a recidivist information against petitioner in each of the two cases, No. 07-F-68 and No. 07-F-69.[2] Petitioner admitted the allegations set forth in the recidivist information in each case.

On June 9, 2008, the circuit court sentenced petitioner in both No. 07-F-68 and No. 07-F-69. With regard to No. 07-F-68, the circuit court sentenced petitioner to one to ten years of incarceration for his first breaking and entering conviction. For petitioner's second breaking and entering conviction, the circuit court doubled the minimum term, due to the recidivist information to which petitioner admitted in that case, and sentenced him to two to ten years of incarceration.[3] The circuit court imposed one to ten years of incarceration for petitioner's grand larceny conviction. For petitioner's conviction for misdemeanor destruction of property, the circuit court sentenced him to one year of incarceration. Finally, while all of petitioner's sentences in No. 07-F-68 were ordered to run consecutive to each other, the circuit court, at the State's request, directed that petitioner serve his one-year misdemeanor sentence in the Eastern Regional Jail prior to serving his felony sentences given that petitioner had already discharged that sentence while at

---

[2]Despite petitioner's felony convictions in two prior cases, the State sought to enhance petitioner's sentences in each of the two instant cases, No. 07-F-68 and No. 07-F-69, pursuant to West Virginia Code § 61-11-18(a) (2000) which provided for sentencing enhancements for persons with one prior felony conviction. The State did not seek a life recidivist sentence of incarceration for petitioner, pursuant to West Virginia Code § 61-11-18(c) (2000), "due to the timing of the criminal charges" in No. 07-F-68 and No. 07-F-69.

Since the resolution of No. 07-F-68 and No. 07-F-69, the West Virginia habitual offense statute, West Virginia Code §§ 61-11-18 and 61-11-19, has been amended. The provision formerly located at West Virginia Code § 61-11-18(a) (2000) is now located at West Virginia Code § 61-11-18(b), and the provision formerly located at West Virginia Code § 61-11-18(c) (2000) is now located at West Virginia Code § 61-11-18(d).

[3]West Virginia Code § 61-11-18(a) (2000) provided, in pertinent part, that, "[w]henever in such case the court imposes an indeterminate sentence, the minimum term shall be twice the term of years otherwise provided for under such sentence."

the Eastern Regional Jail due to his credit for time served (approximately 364 days).

The total of 364 days for credit for time served included the 157 days between January 4, 2008, when petitioner was returned to West Virginia from Maryland, and June 9, 2008, the date of petitioner's sentencing in both No. 07-F-68 and No. 07-F-69. In its June 23, 2008, sentencing order in No. 07-F-68, the circuit court directed that "the effective sentencing date for [petitioner's] penitentiary time shall be calculated following the Eastern Regional Jail's determination of credit for time served on the Eastern Regional Jail sentence and following his release from Maryland."

With regard to No. 07-F-69, due to the recidivist information to which petitioner admitted in that case, the circuit court sentenced petitioner to forty-five years of incarceration for his second-degree murder conviction[4] to be served consecutive to his sentences in No. 07-F-68. Finally, the circuit court ordered that petitioner's sentences in No. 07-F-68 and No. 07-F-69 were to run consecutive to the sentence imposed upon him in Maryland.[5]

On or about June 18, 2008, petitioner was returned to Maryland. On September 16, 2008, petitioner received parole in Maryland, which approved his return to West Virginia to serve his felony sentences in this State. However, while in Maryland, petitioner made a second IADA request to be transferred to Pennsylvania to resolve charges against him there. Accordingly, petitioner was not returned to West Virginia to begin serving his felony sentences in No. 07-F-68 and No. 07-F-69 until April 27, 2009.

Over a decade later, on November 4, 2019, petitioner filed a motion for correction of sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure.[6] In the motion, petitioner argued that he (1) should receive additional credit for time served in Maryland from November of 2007, when he made his IADA request, until January 4, 2008, the date on which he was returned to West Virginia; (2) should receive additional credit for time served in Maryland because his presence in West Virginia until June 18, 2008, pursuant to the IADA, delayed his being granted parole in Maryland until September 16, 2008;[7] and (3) should receive credit for

---

[4]West Virginia Code § 61-11-18(a) (2000) provided, in pertinent part, that "the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced."

[5]In *State v. Payne*, No. 11-1042, 2012 WL 3104259 (W. Va. June 22, 2012) (memorandum decision), this Court affirmed all of petitioner's convictions in No. 07-F-68. Similarly, in *State v. Payne*, No. 11-1045, 2012 WL 3104253 (W. Va. June 22, 2012) (memorandum decision), this Court affirmed petitioner's second-degree murder and recidivist convictions in No. 07-F-69.

[6]Rule 35(a) of the West Virginia Rules of Criminal Procedure provides, in pertinent part, that "[t]he court may correct an illegal sentence at any time."

[7]Petitioner stated in his motion for correction of sentence that, due to his presence in West Virginia, he could not appear for an earlier parole hearing in Maryland.

good behavior ("good-time credit" or "good time") during his incarceration at the Eastern Regional Jail, pursuant to West Virginia Code § 31-20-5d (2001),[8] at the rate of five days of good-time per month.[9] Subsequently, the circuit court appointed counsel for petitioner and held a hearing on his motion on August 14, 2020, via video conferencing. Thereafter, the circuit court, by order entered on September 30, 2020, denied petitioner's motion for correction of sentence.

Petitioner appeals the circuit court's September 30, 2020, order denying his motion. This Court has previously held as follows:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner reiterates the three claims set forth in his motion for correction of sentence. The State counters that the circuit court properly denied the motion. We agree with the State.

With regard to petitioner's claims based upon the IADA, we find that petitioner devotes only a single paragraph to his claim that he should receive additional credit for time served in Maryland from November of 2007 until January 4, 2008. While petitioner devotes three paragraphs to his claim that he should receive additional credit for time served in Maryland—because his presence in West Virginia allegedly caused a delay in his being granted

---

[8]In 2018, the Legislature consolidated the West Virginia Division of Corrections and the correctional operations of the West Virginia Regional Jail and Correctional Facility Authority into the West Virginia Division of Corrections and Rehabilitation. *See* W. Va. Code § 15A-3-2. Accordingly, the good-time provisions separately set forth in West Virginia Code § 31-20-5d (2001), for regional jails, and West Virginia Code § 28-5-27 (2013), for correctional facilities, were replaced by West Virginia Code § 15A-4-17, which governs the accumulation of good-time credit at both types of institutions.

[9]During the course of the instant proceeding pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure, petitioner also challenged the application of the West Virginia habitual offense statute, West Virginia Code §§ 61-11-18 and 61-11-19, to No. 07-F-68 and 07-F-69. However, petitioner does not raise that issue on appeal.

parole in Maryland—he provides only one citation to the IADA. Petitioner argues that, pursuant to West Virginia Code § 62-14-1, the IADA's purpose is "to encourage the expeditious and orderly disposition" of charges against persons already incarcerated in other jurisdictions. However, petitioner fails to apply the IADA's various provisions to the facts of his case or set forth any analysis relevant to his IADA claims.

As we previously have stated, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State, Dep't of Health and Hum. Res., Child Advoc. Off. ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). We have also said that, "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but [which] are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *see also State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "[petitioner]'s brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error" and that this Court "may disregard errors that are not adequately supported by specific references to the record on appeal." Therefore, pursuant to Rule 10(c)(7), we decline to review petitioner's IADA claims.

With regard to petitioner's remaining claim, he initially argues that an April 30, 2009, "PED-1" document from the West Virginia Parole Board, setting forth a parole eligibility date of July of 2024, "suggests" that he was denied the good-time credit to which he was legally entitled during his incarceration at the Eastern Regional Jail. However, consistent with the purpose of good-time credit, West Virginia Code § 31-20-5d(c) (2001) made the accumulation of good-time contingent upon good behavior: "Every inmate sentenced to a regional jail for a term of confinement exceeding six months who, *in the judgment of the administrator of the regional jail facility*, faithfully complies with all rules and regulations of the regional jail during his or her term of confinement is entitled to a deduction of five days from each month of his or her sentence." (Emphasis added.)[10] Therefore, based upon our review of the record, we concur with the circuit court's finding that petitioner failed to show that he is entitled to good-time credit that "he may have earned."

---

[10]In petitioner's brief, he mentions West Virginia Code § 31-20-5d (2001) but quotes an older statute, West Virginia Code § 7-8-11 (enacted in 1951), which has language similar to that contained in West Virginia Code § 31-20-5d(c) (2001): "Every prisoner sentenced to the county jail for a term exceeding six months who, *in the judgment of the sheriff*, shall faithfully comply with all rules and regulations of said county jail during his term of confinement shall be entitled to a deduction of five days from each month of his sentence." (Emphasis added.)

Next, petitioner argues that "his own testimony" shows that he never lost any good-time credit due to misbehavior. He does not, however, point this Court to the location of such testimony in the appendix record. We find that it is not clear as to whether petitioner provided testimony in support of his motion for correction of sentence. In denying the motion, the circuit court noted that it considered the parties' arguments and "statements made by [petitioner]." Moreover, the August 14, 2020, hearing transcript that petitioner included in the appendix record does not reflect if he was sworn at the beginning of the hearing because the transcript is only an excerpt that does not include the hearing's commencement. We find that we must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim." *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994).

Nevertheless, we have reviewed petitioner's statements that are included in the transcript excerpt he submitted. While petitioner mentions having "to learn the rules of prison" and being required to follow "prison rules,"[11] he does not assert that he never lost good-time credit due to misbehavior. Therefore, pursuant to Syllabus Point 2 of *Perdue*, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for correction of sentence as he has failed to satisfy his "burden of showing that there was error in the proceedings below." 156 W. Va. at 467, 194 S.E.2d at 658.

For the foregoing reasons, we affirm the circuit court's September 30, 2020, order.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[11]As we find that petitioner had an opportunity to be heard on his motion for correction of sentence, we reject his argument that this case should be remanded for another hearing.